UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Civil Action No. _____

YESION ROEL INTERIANO LEIVA,

Petitioner,

V.

CHRISTOPHER SHANAHAN,
 Field Office Director,
 New York Field Office,
 U.S. Immigration and Customs Enforcement,

Respondent.

MEMORANDUM OF LAW IN SUPPORT
OF EMERGENCY PETITION FOR WRIT
OF HABEAS CORPUS, ORDER TO
SHOW CAUSE, AND TEMPORARY
RESTRAINING ORDER

## PRELIMINARY STATEMENT

Petitioner YESION ROEL INTERIANO LEIVA is a Nassau County Resident that is wrongfully detained by U.S. Immigration and Customs Enforcement.

ICE continues to detain Petitioner at the Nassau County Detention Center. His detention serves no legitimate immigration purpose and violates the Fifth Amendment, the Trafficking Victims Protection Reauthorization Act ("TVPRA"), and the Flores Settlement Agreement. Immediate habeas relief is required.

## LEGAL STANDARD

Federal courts have jurisdiction under 28 U.S.C. § 2241 to review the legality of immigration detention. *Hechavarria v. Sessions*, 891 F.3d 49, 54 (2d Cir. 2018). Detention must bear a reasonable relation to its purpose; when it does not, it becomes unlawful. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).

**ARGUMENT**

**I. Prolonged Detention Without a Meaningful Opportunity to Present Asylum Claims**

**Violates Due Process**

Under 8 U.S.C. § 1226(a), the government has discretionary authority to detain noncitizens

pending removal proceedings. While detention is civil, it is not limitless: it must comply with the

Fifth Amendment's guarantee of due process. See Zadvydas v. Davis; Demore v. Kim.

Respondent has never had a meaningful opportunity to present or defend his asylum claim

because:

- He is unsophisticated in legal matters;

- He did not understand the nature of removal proceedings;

- He lacked comprehension of asylum law, including eligibility criteria, protected grounds,
  and burdens of proof;

- He was not effectively assisted or advised in a manner that would allow him to present
  his claim;

- Prior proceedings did not provide procedural accommodations to account for his lack of
  sophistication.

A detention predicated on a removal order or proceedings in which Respondent could not

meaningfully participate violates due process. Mere presence at a hearing is insufficient; the law

requires a real, comprehensible opportunity to be heard. See Reno v. Flores.

## II. Procedural Unfairness Undermines the Statutory Right to Seek Asylum

Congress guarantees noncitizens the right to apply for asylum. See 8 U.S.C. § 1158. When procedural barriers effectively prevent a respondent from exercising that statutory right, detention cannot be justified.

Respondent's failure to articulate an asylum claim does not constitute a knowing or intelligent waiver. His lack of education, unfamiliarity with U.S. legal processes, and potential language or cultural barriers precluded a meaningful understanding of the proceedings. Courts have repeatedly held that waivers must be knowing and voluntary; absent understanding, any purported waiver is invalid. See Bridges v. Wixon.

## III. Fundamental Parental and Humanitarian Interests Heighten the Constitutional Concerns

Respondent's detention also exacerbates hardship where he is the primary caregiver of a U.S. citizen child with serious medical needs. Separation prevents him from providing essential care and support, compounding the constitutional violation.

Due process protects liberty interests in family integrity and parental care. See Troxel v. Granville. The combination of prolonged detention, lack of meaningful participation in proceedings, and harm to a dependent child renders Respondent's confinement excessive and unconstitutional.

IV. Prolonged Detention Without an Individualized Review Violates Procedural Due Process

Even under § 1226(a), which permits discretionary detention, courts require:

1.  An individualized assessment of danger to the community or flight risk;

2.  Consideration of less restrictive alternatives such as bond, supervision, or electronic monitoring; and

3.  Periodic review when detention extends beyond a brief, reasonable period. See Jennings v. Rodriguez.

Respondent's detention fails all three. He has no criminal record and is capable of complying with supervised release conditions. Continued detention is arbitrary.

## V. Habeas Relief Is Warranted

Federal courts retain jurisdiction under 28 U.S.C. § 2241 to review constitutional challenges to § 1226(a) detention. See INS v. St. Cyr.

Respondent is not challenging removability but the constitutionality of detention predicated on a defective process that denied him a meaningful opportunity to present asylum claims.

The appropriate remedies include:

- Immediate release; or

- A prompt bond hearing, with the government bearing the burden of proving by clear and convincing evidence that detention is necessary.

**CONCLUSION**

Because Respondent has never had a meaningful opportunity to present his asylum claim due to his lack of legal sophistication, prolonged detention under § 1226(a) violates the Fifth Amendment.

For the foregoing reasons, the Court should grant the Petition for a Writ of Habeas Corpus, order Petitioner's immediate release, and enjoin ICE from re-detaining him absent lawful authority.

Dated: March 13, 2026

Respectfully submitted,

Pallvi Babbar, Esq.
Attorney for Respondent
Babbara & Associates P.C
3601 Hempstead Turnpike Ste 312
Levittown, NY 11756
(516)-228-0111

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Civil Action No. _____

YESION ROEL INTERIANO LEIVA,

                Petitioner,

    V.

CHRISTOPHER SHANAHAN,
 Field Office Director,
 New York Field Office,
 U.S. Immigration and Customs Enforcement,

                Respondent.

**DECLARATION OF ATTORNEY**

I, **Pallvi Babbar, Esq.**, declare under penalty of perjury as follows:

1. I am an attorney admitted to practice before this Court and counsel for Petitioner YESION ROEL INTERIANO LEIVA.

2. ICE continues to detain Petitioner at the **Nassau County Detention Facility**. In my professional judgment, ICE lacks lawful authority to continue his detention.

3. Each additional day of detention causes irreparable harm, including psychological distress, disruption of family unity with his guardian, and interference with education and stability.

4. Petitioner has complied with all immigration court appearances, and presents no risk of danger or flight.

5. Emergency judicial intervention is necessary to prevent ongoing constitutional violations.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 13, 2026

Respectfully submitted,

Pallvi Babbar, Esq.
Attorney for Respondent
Babbara & Associates P.C
3601 Hempstead Turnpike Ste 312
Levittown, NY 11756
(516)-228-0111

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                    Civil Action No. _____

YESION ROEL INTERIANO LEIVA,
                              Petitioner,
        V.                                      PROPOSED ORDER

CHRISTOPHER SHANAHAN,
 Field Office Director,
 New York Field Office,
 U.S. Immigration and Customs Enforcement,

                        Respondent.

Upon consideration of the Emergency Petition for Writ of Habeas Corpus, the Memorandum of
Law, and the Declaration of counsel, it is hereby:

**ORDERED** that the Petition for a Writ of Habeas Corpus is **GRANTED**; and it is further

**ORDERED** that Respondent shall **IMMEDIATELY RELEASE** Petitioner from ICE custody;
and it is further

**ORDERED** that Respondent is **ENJOINED** from re-detaining Petitioner absent a clear showing
of lawful authority consistent with this Order; and it is further

**ORDERED** that Respondent shall file written confirmation of compliance within **24 hours**; and
it is further

**ORDERED** that the Court retains jurisdiction to enforce this Order.

SO ORDERED.

Dated: _____
 New York, New York


                                    _____
                                    United States District Judge
                                    Eastern District of New York