UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
YESION ROEL INTERIANO LEIVA,

                Petitioner,

        - against -

CHRISTOPHER SHANAHAN, Field Office
Director, U.S. Immigration & Customs
Enforcement; U.S. IMMIGRATION AND
CUSTOMS ENFORCEMENT,

                Respondents.
-------------------------------------------------------x

**ORDER TO SHOW CAUSE**
2:26-CV-1509 (PKC)

PAMELA K. CHEN, United States District Judge:

Upon review of Petitioner Yesion Roel Interiano Leiva's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt. 1), it is hereby ordered that:

1. Respondents shall, **by 6:00 p.m. on Monday, March 23, 2026**, show cause in writing why a writ of habeas corpus should not be issued and why Petitioner should not be immediately released. *See* 28 U.S.C. § 2243. If Respondents contend that Petitioner is detained under a statute other than 8 U.S.C. § 1226(a), their response must state what facts, if any, distinguish his case from others in which an individual, "who was designated an unaccompanied child under the [Trafficking Victims Protection Reauthorization Act ('TVPRA')], released from [the Office of Refugee Resettlement ('ORR')] custody to a sponsor under 8 U.S.C. § 1232, and had been living in the United States prior to being . . . apprehended." *Sandoval v. Rokosky*, No. 25-CV-17229 (SDW), 2025 WL 3204746, at *2 (D.N.J. Nov. 17, 2025) (citation omitted) (determining 8 U.S.C. § 1225(b)(2) did not apply to petitioner who entered country as an unaccompanied child and was transferred to ORR pursuant to the TVPRA); *P.A.H.E. v. Noem*, No. 1:26-CV-1164 (DJC) (JDP), 2026 WL 451662, at *1–2 (E.D. Cal. Feb. 17, 2026) (same); *R.A.R.R. v. Almodovar*, No. 25-CV-

6597 (PKC), 2026 WL 323040, at *5–8 (E.D.N.Y. Feb. 6, 2026) (determining 8 U.S.C. § 1226(a) governed detention and describing additional protections under the TVPRA); (Pet., Dkt. 1, at 1 (alleging detention in violation of the Fifth Amendment, the TVPRA, and the settlement in *Flores v. Sessions*, 862 F.3d 863, 869 (9th Cir. 2017)).

2. To preserve the Court's jurisdiction pending a ruling on the Petition, Respondents are **restrained from removing Petitioner from the United States** until further order of this Court. *See M.K. v. Joyce*, No. 25-CV-1935 (JMF), 2025 WL 750599, at *1 (S.D.N.Y. Mar. 10, 2025) (collecting cases ordering same).

3. Furthermore, considering Petitioner's interest in participating in proceedings before this Court and maintaining adequate access to legal counsel, Respondents are **restrained from transferring Petitioner to a facility outside of this District** absent further order of this Court. *See Samb v. Joyce*, No. 25-CV-6374 (DEH) (S.D.N.Y. Aug. 4, 2025) (Dkt. 3) (collecting cases ordering same); 28 U.S.C. § 1651(a) (empowering courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law").

SO ORDERED.

/s/ Pamela K. Chen
Pamela K. Chen
United States District Judge

Dated: March 16, 2026
      Brooklyn, New York