UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
YESION ROEL INTERIANO LEIVA,

                       Petitioner,

          - against -

CHRISTOPHER SHANAHAN, Field Office
Director, U.S. Immigration & Customs
Enforcement; *et al.*,

                 Respondents.

------------------------------------------------------x

**MEMORANDUM AND ORDER**
26-CV-1509 (PKC)

PAMELA K. CHEN, United States District Judge:

Petitioner Yesion Roel Interiano Leiva seeks a writ of habeas corpus pursuant to 28 U.S.C.

§ 2241, contending that Respondents, by detaining Petitioner without notice or any individualized

justification, violated his procedural due process rights. (*See generally* Pet., Dkt. 1.) For the

following reasons, the petition is GRANTED, and Respondents are ordered to immediately release

Petitioner from custody.

**BACKGROUND[1]**

Petitioner is a citizen of Honduras who re-entered the United States on October 18, 2024

on advanced parole. (Montgomery Decl., Dkt. 6-1, ¶¶ 13–14.) On May 8, 2025, Petitioner again

re-entered the United States and was admitted by United States Border Patrol as a Lawful

Permanent Resident ("LPR"). (*See id.* ¶ 15; Notice to Appear, Dkt. 6-1, at ECF[2] 24 (noting that

Petitioner was "admitted to the United States at Miami, FL on May 8, 2025 as a Lawful Permanent

---

[1] The Court assumes the parties' familiarity with the facts and history of the case, and discusses only the facts necessary to the resolution of the case.

[2] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

Resident")[3]; Gov't's Resp. O.S.C., Dkt. 6, at 2.)  On February 27, 2026, Immigration and Customs Enforcement ("ICE") officers conducted a vehicle stop, arrested Petitioner for "being illegally present" in the United States, and placed him into custody.  (Montgomery Decl., Dkt. 6-1, ¶¶ 16, 18–22.)  ICE then served Petitioner with a Notice to Appear, charging him as removable pursuant to 8 U.S.C. § 1227(a)(1)(A).  (*Id.* ¶ 17.)  On March 4, 2026, Petitioner was transferred to the Metropolitan Detention Center in Brooklyn, New York, where he is currently detained.  (*Id.* ¶ 22.)

On March 13, 2026, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting that his detention without an individualized assessment of danger or flight risk violated Due Process.  (Pet., Dkt. 1, at ECF 3–4.)

## DISCUSSION

**I.**     **Petitioner Was Wrongfully Detained Under 8 U.S.C. § 1226(a) Without Due Process**

Respondents concede that Petitioner's detention is governed by 8 U.S.C. § 1226(a) ("Section 1226(a)").  (Gov't's Resp. O.S.C., Dkt. 6, at 2.)  As Respondents note, "Section . . . 1226 applies to aliens who have been lawfully admitted into the United States but are deportable and subject to removal proceedings."  (*Id.* at 3.)  Respondents further admit that "before the Government may exercise such discretion to detain a person, [Section] 1226(a) and its implementing regulations require ICE officials to make an individualized custody determination, specifically whether the noncitizen is a danger to person or property or persons and is likely to appear for any future proceeding."  (*Id.* (quoting *Fontanelli ex rel. Bernal Garcia v. Francis*, No. 1:25-CV-7715 (JLR), 2025 WL 2773234, at *3 (S.D.N.Y. Sep. 29, 2025)).  Nonetheless, Respondents claim that Petitioner has been properly detained pursuant to Section 1226(a), even

---

[3] Respondents acknowledge that Petitioner was permitted re-entry as an LPR, but claim that his admission as such was an error.  (Montgomery Decl., Dkt. 6-1, ¶ 15.)

though it was done without an individualized custody determination. (*See id.* at 3–5.) The Court disagrees.

"[A]n individualized determination and exercise of discretion is required when detaining someone pending removal proceedings under [Section] 1226(a) . . . ." *Lima Herrera v. Haynes*, No. 26-CV-266 (AT), 2026 WL 183691, at *3 (S.D.N.Y. Jan. 23, 2026); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 493 (S.D.N.Y. 2025) (compiling cases). Here, there is nothing in the record to suggest that Petitioner's detention was made pursuant to the government's discretionary authority under Section 1226(a). Petitioner was arrested immediately after ICE encountered him during a vehicle stop and decided that he was "illegally present" in the United States. (Montgomery Decl., Dkt. 6-1, ¶ 16.) Critically, Respondents do not contest Petitioner's allegation that he was arrested without an assessment of his dangerousness or flight risk, or any process sufficient to qualify as a valid exercise of discretion. (Pet., Dkt. 1, at ECF 3–4.) Instead, Petitioner was merely arrested for being suspected of being removable. Accordingly, Petitioner's detention violates his due process rights, and he must be released. *Lima Herrera*, 2026 WL 183691, at *1– 3 (granting the habeas petition of an individual who re-entered the United States because his due process rights were violated when ICE detained him without making an individualized determination of his dangerousness or flight risk); *Cuy Comes v. DeLeon*, No. 25-CV-9283 (AT), 2025 WL 3206491, at *5 (S.D.N.Y. Nov. 14, 2025) (granting habeas petition where respondents "summarily detained [petitioner] without making an individualized determination as to his risk of flight or his danger to the community, let alone affording him notice or opportunity to be heard"); *Yao v. Almodovar*, No. 25-CV-9982 (PAE), 2025 WL 3653433, at *12 (S.D.N.Y. Dec. 17, 2025)

(compiling cases maintaining the remedy for detention under 1226(a) that violates due process is release).[4]

**II.     Petitioner Did Not Need to Exhaust Administrative Remedies.**

Contrary to Respondents' contention, Petitioner need not exhaust administrative remedies. "There is no statutory requirement that a habeas petitioner exhaust his administrative remedies before challenging his immigration detention." *Araujo-Cortes v. Shanahan*, 35 F. Supp. 3d 533, 538 (S.D.N.Y. 2014); *Quispe-Sulcaray v. Noem*, No. 25-CV-9908 (VEC), 2025 WL 3501207, at *2 (S.D.N.Y. Dec. 7, 2025) (same).

## CONCLUSION

The Court grants the petition for writ of habeas corpus. Respondents are directed to release Petitioner from custody immediately and no later than within 24 hours of this Order. Respondents are further directed to return to Petitioner any and all funds or property seized from Petitioner at the time of his arrest. Respondents are directed to certify compliance with the Court's Order by filing a letter on the docket no later than <u>6:00 p.m. tomorrow, March 27, 2026.</u> The Court further orders that Respondents may not administratively recharacterize the release granted by this Order as grounds to impose conditions or re-impose existing conditions in conjunction with release (including release on recognizance or similar instruments), without prior notice to and

---

[4] The Court had directed Respondents to state, if they "contend[ed] that Petitioner is detained under a statute other than 8 U.S.C. § 1226(a), . . . what facts, if any, distinguish his case from others" such as *R.A.R.R. v. Almodovar*, No. 25-CV-6597 (PKC), 2026 WL 323040 (E.D.N.Y. Feb. 6, 2026). (O.S.C., Dkt. 3.) Respondents contend that *R.A.R.R.* is distinguishable on certain grounds, but based on the above discussion, the Court disagrees and finds that there is nothing that meaningfully distinguishes this case from *R.A.R.R.*

Moreover, although Respondents indicate that a bond hearing was scheduled to occur on March 26, 2026, in New Jersey (Montgomery Decl., Dkt 6-1, ¶ 25), a bond hearing cannot remedy an unlawful detention in the first instance. *See Yin v. Maldonado*, No. 26-CV-0103 (PKC), 2026 WL 295389, at *3 (E.D.N.Y. Feb. 4, 2026) (collecting cases).

4

authorization from the Court, or absent a new and independently lawful custody decision properly executed under the law. Petitioner must not be re-detained by Respondents without notice and an opportunity to be heard at a pre-deprivation bond hearing before a neutral decisionmaker, at which Respondents will have the burden of showing that Petitioner's re-detention is authorized under under 8 U.S.C. § 1226(a). The deadline for Petitioner to apply for an award of reasonable fees and costs pursuant to the Equal Access to Justice Act is due within 30 days of a final judgment in this action, which, if Respondents do not appeal, is June 24, 2026. 28 U.S.C. § 2412(d)(1)(B). The Clerk of Court is respectfully directed to enter judgment consistent with this Order and close this case.

SO ORDERED.

/s/ Pamela K. Chen
Pamela K. Chen
United States District Judge

Dated: March 26, 2026
Brooklyn, New York